**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE COX; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATION CASINOS, LLC, a Nevada company; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | Case No.: |

Michelle Cox, by and through her counsel of record, Andrew L. Rempfer, Esq. of Cogburn Law Offices, hereby alleges and complains against Station Casinos, LLC.

## GENERAL ALLEGTIONS

1. Cox is a female who currently works for Stations as Food and Beverage Director at Texas Station Casino. Her salary is currently set at $80,000 per year.

2. Cox is the only female food and beverage director at Station's 16 wholly-owned properties.

3. Cox alleges for herself, and others similarly situated, Stations has a practice, policy or program, whether expressly or implicitly, in place designed to deprive female employees equal pay compared to her male counterparts.

4. Cox performs identical work compared to her male counterparts. Her male counterparts receive higher compensation than Cox. In fact, Cox has recently discovered her male counterpart – Ryan Fahey – earns at least $30,000 more, per year, than Cox.

5. Cox is informed and believes Stations' discriminatory pay practices actually affect other job categories including: Assistant Food and Beverage Directors as well as Restaurant General Managers of, for example, restaurants located within Stations' casinos and restaurants Stations controls or owns.

## THE PARTIES

6. Cox was, at all times relevant, a resident of Clark County, Nevada.

7. Station Casinos was, at all times relevant, a Nevada-based limited liability company. Stations operates 16 casinos, nationwide, all of which Stations wholly-owns.

8. Station is an entity subject to suit under the "Equal Pay Act", 29 U.S.C. § 206(d).

9. Station is an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203 (r)(1). More specifically, Station is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that Defendants have engaged in annual gross volume of sales made or business done exceeds $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

10. At all times hereto, Station was Cox's "employer" and thus subject to the FLSA, 29 U.S.C. §201 *et seq*.

11. The true names of DOES I through X and Roe Corporations I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Cox who therefore sues this Defendant by such fictitious names. Cox are informed and believes, and therefore alleges, that Defendant, including DOES I through X and Roe Corporations I through X, were individuals who are in some manner negligent and wrongful towards Cox, caused injury to Cox, and/or otherwise damaged Cox. Cox are further informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X and Roe Corporations I through X, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to Cox including but not limited to causing Cox to not be paid her lawful wages. Coxwill ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have

been ascertained, and to join them in this action, together with the proper charges and allegations.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (FLSA).

13. Supplemental jurisdiction is appropriate for Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in the District of Nevada (and its unofficial Southern District) because Defendants conduct business and maintained offices in Clark County, Nevada.

15. Administrative exhaustion is not required to file an Equal Pay Act complaint.

16. Cox only learned of Station's discriminatory pay practices last month, when she received copies of documents establishing Station's discriminatory pay practices.

17. Cox's Complaint is therefore timely.

**FACTUAL ALLEGATIONS**

18. Cox repeats and realleges each and every allegation above as if fully set forth herein.

19. As a Food and Beverage Director, Cox was similarly situated with her male co-workers and was doing equal work.

20. Cox's male counterparts who were doing identical work earned a higher pay rate, including salary and bonuses and other incentives, than her.

21. In fact, Cox was nearly forced to transfer to another location – Sunset Station – for the identical rate of pay: $80,000 and for an additional $5,000 incentive. Cox rejected the forced relocation.

22. Her male counterpart – Ryan Fahey – subsequently moved to Sunset Station where he earns at least $115,000 per year and possible more.

23. Upon information and belief, Station has a practice, program or policy, express or implied, of intentionally refusing to compensate women equal pay for similar work done by male co-employees.

24. Cox is aware of a female Assistant Food and Beverage Directors as well as General Manager, both of whom are female, who are paid less than their male counterparts.

25. For example, Cox is aware of the proceeding pay discrepancy based on gender:

    a. Alam Levaya (male) was paid $70,000 to start at Santa Fe Station as Assistant Food and Beverage Director. Cox's compendium starting rate was $60,000 for the same position and job responsibilities;

    b. Mark Gilbert (male) started at $80,000 per year as a Nightclub manager. Cheryl Lyn, a female, started at $50,000 per year;

    c. J.R. Degan (male) earned $95,000 per year as the Food and Beverage Director at Green Valley Ranch. Cox, however, only made $72,500 and ***Degan reported to Cox***.

26. Based on the preceding, upon information and belief, Stations' discriminatory pay practices affected, among other job categories: Assistant Food and Beverage Directors, Assistant Directors and Restaurant General Managers at all 16 Station casinos.

## FIRST CLAIM FOR RELIEF

### (Violation of the Equal Pay Act – 29 U.S.C. § 206(d))

27. Cox repeats and realleges each allegation above as if fully set forth herein.

28. The Equal Pay Act – 29 U.S.C. § 206(d) – as amended, prohibits discriminatory compensation practices, policies or procedures based on gender.

29. Station has violated the Equal Pay Act by paying Cox's similarly situated male counterparts more wages and compensation than Cox.

30. Station pays Cox $80,000 year but it pays her male counterpart, Fahey, $115,000 per year, and possibly more inclusive of bonuses and other forms of compensation.

31. Station has no legitimate, non-discriminatory reason to justify its gender-based discriminatory pay practices. Station's discriminatory pay practices do not qualify for any statutory exemptions based on, for example, merit, seniority, quantity or quality.

32. Station's discriminatory acts were intentional, malicious and oppressive. They

were designed to discriminate against women regarding the compensation they were entitled. Stations' acts are thus punitive in nature and Cox requests an award of punitive damages.

33.     Cox seek for herself, and all others similarly situated, a judgment for unpaid wages, and additional liquidated damages of 100% of any wages. Cox also seeks an award of attorneys' fees, interest and costs as provided for by the Equal Pay Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Cox prays for judgment against Station as follows:

1. A judgment for all wages owed to Cox;
2. Liquidated damages in an amount equal to the wages owed;
3. Reasonable attorneys' fees and costs incurred in filing this action;
4. Compensatory Damages in excess of $10,000;
5. Special Damages in excess of $10,000; and
6. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Cox hereby demands a jury trial.

Dated this 25th day of April 2014.          Respectfully Submitted By:



COGBURN LAW OFFICES

By: Andrew L. Rempfer, Esq.
ANDREW L. REMPFER, ESQ.
JAMIE S. COGBURN, ESQ.
Attorneys for Plaintiff