DONALD J. CAMPBELL (Bar No. 1216)
J. COLBY WILLIAMS (Bar No. 5549)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101
Tel: 702.382.5222
Fax: 702.382.0540
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

HARRIET A. LIPKIN (*pro hac vice granted*)
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4250
Fax: 202.799.5250
harriet.lipkin@dlapiper.com

KEVIN D. HARLOW (*pro hac vice granted*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.3402
Fax: 619.764.6702
kevin.harlow@dlapiper.com

Attorneys for Defendant
STATION CASINOS LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE COX; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATION CASINOS LLC, a Nevada company; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-00638-JCM-VCF |

EAST\77066699.1                              1

**DEFENDANT STATION CASINOS LLC'S REPLY IN SUPPORT OF SECOND MOTION TO DISMISS**

Plaintiff's Opposition mischaracterizes both the arbitration agreement and applicable law in an effort to distract from the fact that Plaintiff had no reasonable basis for filing her lawsuit in this Court. Most notably, Plaintiff continuously ignores the effect of the American Arbitration Association's Employment Arbitration Rules & Mediation Procedures ("AAA Rules"). The AAA Rules are incorporated into the arbitration agreement and expressly address Plaintiff's arguments about costs, fee-shifting, and the availability of equitable relief. Similarly, the AAA Rules permit Plaintiff to file her claim "within the time limit established by the applicable statute of limitations," thus addressing her argument about the so-called "shortening provision."

Plaintiff also misrepresents that Defendant failed to address procedural and substantive unconscionability in its opening brief. In fact, Defendant dedicated a separate section to the issue and explained the effect of the AAA Rules. Plaintiff cannot dispute the enforceability of the arbitration provision on its actual merits and is forced to mischaracterize Defendant's position, which only underscores the futility of Plaintiff's arguments.

**I.  THE ARBITRATION AGREEMENT IS NEITHER PROCEDURALLY NOR SUBSTANTIVELY UNCONSCIONABLE.**

Both federal and Nevada law recognize the "strong public policy" in favor of arbitration. *L&M Creations, Inc. v. CRC Information Sys.*, 2011 WL 1103636, at *5 (D. Nev. March 23, 2011) (quoting *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553 (2004)); *see also Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir. 2013) (the Federal Arbitration Act ("FAA") reflects "an emphatic federal policy in favor of arbitration"). Plaintiff, as the party challenging enforcement of the arbitration agreement, bears the burden of showing that the arbitration agreement is both procedurally and substantively unconscionable. *Cohn v. Ritz Transp., Inc.*, 2014 WL 1577295, at *13 (D. Nev. Apr. 17,

EAST\77066699.1                    2

2014); *Zabelny v. CashCall, Inc.*, 2014 WL 67638, at *9 (D. Nev. Jan. 8, 2014).[1] "[T]he FAA creates a strong presumption in favor of enforcing arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Seasons*, 2012 WL 2979013, at *9; *see also Pruter v. Anthem Country Club, Inc.*, 2013 WL 5954817, at *10 (D. Nev. Nov. 5, 2013) ("The FAA creates a strong presumption in favor of enforcing arbitration agreements" and reflects "a national policy favoring arbitration").

### A. The Arbitration Provision is Governed by the AAA Rules.

The arbitration provision expressly incorporates the AAA Rules. (Docket No. 15-1 (Ex. 1 to Decl. of Hilsabeck at ¶ 10.2); Docket No. 17 (Ex. 1 to Request for Judicial Notice ("AAA Rules")).) As discussed in more detail below, the AAA Rules address all of Plaintiff's unconscionability arguments. *Infra* § I(C)(i)-(iii). Rule 1 of the AAA Rules provides that if there is an "adverse material inconsistency . . . between the arbitration agreement and [the AAA Rules], the arbitrator shall apply [the AAA Rules]." The AAA Rules are properly considered by the Court in determining whether the arbitration provision is unconscionable. *Zabelny*, 2014 WL 67638, at *11 (considering JAMS arbitral rules in determining whether arbitration agreement was substantively unconscionable); *Seasons Homeowners*, 2012 WL 2979013, at *12 (in context of construction dispute, no substantive unconscionability where arbitration was to "be conducted in accordance with AAA Rules, and in all other respects . . . in accordance with the Nevada Rules of Civil Procedure"); *Wilks v. Pep Boys*, 241 F. Supp. 2d 860, 864-67 (M.D. Tenn. 2003) (to extent arbitration agreement

---

[1] Plaintiff claims that "Defendant bears the burden to show a valid arbitration agreement exists." (Oppo. p. 4.) There is no dispute that the arbitration agreement "exists"; Plaintiff admits it in her Opposition. (*Id.* at p. 3 ("Cox does not dispute she signed the Employment Agreement, which contains the arbitration clause . . . .").) As shown by the cases cited above, and by Plaintiff's own case law, unconscionability is a "generally applicable contract defense" which Plaintiff bears the burden of proving. *Seasons Homeowners Ass'n, Inc. v. Richmond Am. Homes of Nevada*, 2012 WL 2979013, at *8 (D. Nev. July 19, 2012); *Gonski v. Second Judicial Dist. Ct.*, 245 P.3d 1164, 1169 (Nev. 2010) (the "party opposing arbitration must establish a defense to enforcement").

EAST\77066699.1                                                3

sought to waive equitable tolling, limit parties to one deposition each, impose prohibitive fees and costs, or limit fee shifting, safeguards of AAA and JAMS rules controlled; court concluded that the arbitration agreement, "as it must be administered by AAA and JAMS, is valid and enforceable"); *see also Dortch v. Quality Restaurant Concepts, LLC*, 2013 WL 1789603, at *7 (E.D. Tenn. Apr. 26, 2013) (discovery limitations in arbitration agreement did not render it unenforceable; if discovery limits proved too restrictive, AAA Rules permit arbitrator to order additional discovery); *Perry v. New York Law School*, 2004 WL 1698622, at *3 (S.D.N.Y. July 28, 2004) (arbitration agreement was not unenforceable due to fee-sharing provision in agreement; AAA Rules capped employee's portion of fee to $125.00 and, although this provision was inconsistent with arbitration agreement, AAA Rules provide that when there is an adverse material inconsistency the AAA Rules apply); *Kotch v. Clear Channel Broadcasting, Inc.*, 2004 WL 483502, at *3 (S.D. Fla. Mar. 8, 2004) (arbitration agreement was not unenforceable due to discovery limitations; AAA Rules provided arbitrator with authority to order necessary discovery, and to the extent there is any adverse material inconsistency between the arbitration agreement and AAA rules, the arbitration agreement governs).

**B.     The Arbitration Agreement is Not Procedurally Unconscionable.**

Procedural unconscionability is present under Nevada law when a party lacks a meaningful opportunity to agree to the terms, or when the terms are not readily ascertainable upon review of the contract. *Cohn*, 2014 WL 1577295, at *13. Notably, however, Nevada courts do not apply the "adhesion contract doctrine" in the employment context. *Id.* at *2 (citing *Kindred v. County of Washoe*, 966 P.2d 903, 907 (Nev. 2000)); *Zabelny*, 2014 WL 67638, at *11 ("Nevada does not recognize an employment contract as a contract of adhesion, or apply the doctrine of adhesion to employment contracts."). "Procedural unconsionability often involves the use of fine print or complicated, incomplete or

EAST\77066699.1                           4

misleading language that fails to inform a reasonable person of the contractual language's consequences." *D.R. Horton*, 120 Nev. at 554.

Here, there is no support for Plaintiff's claim of procedural unconscionability. The **MUTUAL ARBITRATION AGREEMENT** heading is bold, underlined, and in capital letters. (Ex. 1 to Decl. of Hilsabeck at ¶ 10.) It is set forth under its own heading that clearly identifies the nature of the provision. The substance of the provision is in regular-sized font and informs the readers, in bolded, capital letters, that by agreeing to the provision, "**THE PARTIES HEREBY WAIVE ANY RIGHTS THEY MAY HAVE TO TRIAL BY JUDGE OR JURY IN REGARD TO ARBITRABLE CLAIMS.**" (*Id.* at ¶ 10.1.) Section 10.5 specifically requires Plaintiff to acknowledge that she has carefully read and understands the arbitration provision. Further, both Cox and an employer representative initialed each page of the Employment Agreement, including the pages containing the arbitration agreement. (*Id.* at pp. 10-11.)

The arbitration clause bears little resemblance to the arbitration provision in *D.R. Horton*, 120 Nev. at 556. First, the arbitration provision in *D.R. Horton* had signature lines on the front page, while the arbitration provision was on the back page. *Id.* Here, both parties initialed each page of the document and the arbitration provision precedes the parties' signatures on the last page. Second, the arbitration provision in *D.R. Horton* was in "extremely small font"; here, the provision is in regular-sized font that is the same as the other provisions of the document. *Id.* Third, in *D.R. Horton*, aside from the contractual headings, "nothing drew attention to the arbitration provision." *Id.* Here, the arbitration provision is one of only two provisions containing bolded, all-capital text. Plaintiff also does not contend that Defendant made oral representations that the provisions were all "standard" or should not be read carefully. *Id.*

EAST\77066699.1                              5

Thus, none of the unconscionable characteristics of the arbitration provision in *D.R. Horton* are present here. Indeed, the arbitration provision mirrors the types of provisions that have repeatedly been enforced in this District. *L&M Creations*, 2011 WL 1103636, at *7 (finding no procedural unconscionability in arbitration clause that "is in the same-sized font as the rest of the contract, and has an indented and underlined title of 'Injunctive Relief; Arbitration' that sets if off from the rest of the contract"); *Seasons Homeowners*, 2012 WL 2979013, at *11 (arbitration provision using same size font as most of the contract was not unconscionable; "unlike the arbitration provisions in *D.R. Horton*, the . . . arbitration clause in this case is not buried on the back page in smaller font than the rest of the contract"); *Thrash v. Towbin Motor Cars*, 2013 WL 6210632, at *3 (D. Nev. Nov. 26, 2013) (noting, as factor supporting lack of procedural unconscionability, that the arbitration provision expressly required Plaintiff to acknowledge that he read and understood the document).

The remainder of Plaintiff's Opposition conflates procedural and substantive unconscionability. It argues that the terms of certain provisions are substantively unconscionable, and that the same provisions are procedurally unconscionable because they failed to give Plaintiff adequate notice that she was purportedly waiving certain rights. Because Plaintiff's arguments substantially overlap, they are addressed together below.

   **C. The Arbitration Agreement is Not Substantively Unconscionable.**

Plaintiff cannot carry her burden of proving that the arbitration agreement is substantively unconscionable. "Substantive unconscionability 'focuses on the one-sidedness of the contract terms.'" *Zalbeny*, 2014 WL 67638, at *9 (quoting *D.R. Horton*, 96 P.3d at 1162-63). To prove substantive unconscionability, Plaintiff must show that the arbitration provision is "unjustifiably one-sided to such an extent that it shocks the conscience." *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) (decided under California law).

EAST\77066699.1     6

Here, Plaintiff asserts that the arbitration agreement is unconscionable for three reasons: (1) it "waived her state and federal substantive statutory rights to costs and fees (and fee-shifting) regarding her claims" and requires her to "pay half the arbitration costs irrespective of whether she prevails"; (2) it "bar[s] Cox from seeking equitable relief regarding her claims"; and (3) it "unreasonably shortens Cox's relevant statutes of limitations." (Oppo. p. 2, 6.)  Each of these concerns is squarely addressed by the AAA Rules.

### i.  The Arbitration Agreement Allows for Cost and Fee-Shifting.

Plaintiff's primary argument is that the arbitration provision is procedurally and substantively unconscionable because it failed to inform Plaintiff that she waived her rights to costs and fee-shifting.  Plaintiff's argument fails because the premise is incorrect – the arbitration agreement does not waive Plaintiff's rights to seek costs and fee-shifting.  Rule 39(d) of the AAA Rules provides that "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court *including awards of attorney's fees and costs, in accordance with applicable law*."  *See also supra* § I(A).  This provision was quoted in Defendant's opening brief and Defendant does not dispute that Plaintiff has the right to pursue her costs and fees. (Docket No. 15 at pp. 13-14.)

As such, Plaintiff's continuous insistence that the arbitration provision "waive[s] [Plaintiff's] state and federal statutory rights to costs and fees (and fee-shifting)" and requires her to "pay half the arbitration costs irrespective of whether she prevails" is incomprehensible.  The AAA Rules provide that she has the same rights to pursue her costs and fees as she would have under state and federal law.  Moreover, consistent with this Court's order in *Cohn*,[2] Defendant has already stipulated that it will bear the costs of

---

[2] Plaintiff's Opposition discusses the wrong portion of *Cohn* and then, based upon that mistaken reference, claims that *Cohn* has no analysis relevant to arbitration cost provisions. (Oppo. at p. 9 (citing *Cohn*, 2014 WL 1577295, at *2-3).)  Had Plaintiff read the portion of

EAST\77066699.1                              7

arbitration to the extent those costs exceed the costs Plaintiff would incur if this action were to remain in this Court. *See also Pruter*, 2013 WL 5954817, at *9 (noting, in evaluating substantive unconscionability, that employer had stipulated that it would bear the costs of arbitration). Plaintiff's primary argument is meritless.

### ii. Plaintiff Did Not Waive Her Right to Seek Injunctive Relief.

For the same reason, Plaintiff's contention that the arbitration agreement is "procedurally unconscionable because it precludes Cox's rights to file injunctive relief" is mistaken. (Oppo. p. 11.) [3] As set forth above, the AAA Rules give the arbitrator authority to award "any remedy or relief that would have been available to the parties had the matter been heard in court." (AAA Rule 39(d).) This includes equitable relief. *E.g. Ferguson*, 733 F.3d at 937 ("[Defendant] concedes, and we agree, that an arbitrator generally has the authority to enter injunctive relief against a party that has entered into an arbitration agreement."); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 320 (9th Cir. 1996).

Further, Rule 32 provides that a party may make a request for interim measures to a judicial authority, and that such a request "shall not be deemed incompatible with the agreement to arbitrate." Thus, in the unlikely event that Plaintiff is threatened with irreparable harm and needs interim relief, then she is permitted to seek relief from a "judicial

---

*Cohn* actually cited by Defendant, she would have seen that this Court ordered "that defendants pay any arbitration fees assessed against plaintiffs that are in excess of the costs plaintiffs would have paid if the action had remained in this court." *Cohn*, 2014 WL 1577295, at *4.

[3]   Plaintiff cites two Seventh Circuit cases for the proposition that "[a]rbitration agreements that bind only the employee, and not the employer, have been found unenforceable." (Oppo. at p. 11. (citing *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997) and *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 759 (7th Cir. 2001)).) The cases are inapposite. In both cases, the arbitration agreements did not bind the other party to submit any of its claims to arbitration. Here, the arbitration agreement is mutually binding except for a "fairly standard" carve-out for injunctive relief. *Kidneigh v. Tournament One Corp.*, 2013 WL 2245920, at *3 (D. Nev. May 21, 2013); *L&M Creations*, 2011 WL 1103636, at *1, *8 (enforcing arbitration provision with one-way carve out for injunctive relief in claims involving confidential information or solicitation of employees).

EAST\77066699.1                               8

authority." Accordingly, Plaintiff's contention that the arbitration provision waives her right to equitable relief is meritless.

### iii. Plaintiff is Not Subject to a Shortened Statute of Limitations.

Lastly, Plaintiff contends that the so-called "shortening provision" is both procedurally and substantively unconscionable. As an initial matter, Plaintiff misconstrues the limitations period. Plaintiff claims that the limitations period gives her only 60 days to file her claim and that under the circumstances of this case she would have had only 8 days to decide whether to file a lawsuit. (Oppo. p. 13.) In reality, the limitations period requires that a party file any claim they may have "within sixty (60) days of *learning the facts giving rise to the alleged claim*." (Ex. 1 to Decl. of Hilsabeck at ¶ 10.2.)[4]

In any event, Plaintiff again ignores the effect of the AAA Rules. Rule 4 of the AAA Rules expressly provides that a party may initiate arbitration by filing a written notice "within the time limit established by the applicable statute of limitations," thus resolving Plaintiff's arguments concerning the limitations period. Moreover, there is no dispute that Plaintiff's claims were timely filed in this case.

### iv. Any Unconscionable Provision Can Be Severed.

The arbitration agreement expressly incorporates and adopts the AAA Rules. The AAA Rules expressly address each of Plaintiff's unconscionability arguments and override any contrary provision in the arbitration agreement. (AAA Rule No. 1; *see also supra* § I(A) (collecting cases).) Nevertheless, if the Court finds that any provision of the arbitration

---

[4] Plaintiff also misrepresent the Nevada Supreme Court's holding in *Holcomb Condominium Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 300 P.3d 124, 128 (Nev. 2013). The court expressly held that "a party *may contractually agree to a limitations period shorter than that provided by statute*" unless there is a "statute to the contrary" or the shortened period is unreasonable. *Id.* In other words, absent a statutory prohibition on doing so, parties may agree to shorten a statutory limitations period. *See also Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 611 (2013) (distinguishing between "statutes of limitations [that] do not permit parties to choose a shorter period by contract" and

EAST\77066699.1                                                         9

agreement is "invalid or unenforceable," the Court should sever the unconscionable provision under Section 11 of the Employment Agreement and enforce the remainder of the arbitration agreement. *See Pruter*, 2013 WL 5954817, at *9 (if court finds provision in arbitration agreement is unenforceable, "the court may sever that provision from the agreement as expressly provided in the arbitration agreement itself").

## II.    CONCLUSION.

Plaintiff cannot carry her burden of showing that the parties' arbitration agreement is both procedurally and substantively unconscionable.  This case should be dismissed and Plaintiff ordered to submit her claims to arbitration.

Respectfully submitted.

CAMPBELL & WILLIAMS

By /s/ *J. Colby Williams*
   DONALD J. CAMPBELL
   J. COLBY WILLIAMS
   Attorneys for Defendant
   STATION CASINOS LLC

---

those that "provide only a default rule that permits parties to choose a shorter limitations period").

EAST\77066699.1                       10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was served on the 9th day of June, 2014 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Philip R. Erwin*
An Employee of Campbell & Williams

EAST\77066699.1

11